UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-20546-Cr-HUCK

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

v.

　　　　　***OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT***

KAISI PRESINAL, *et al.,*

　　　　　Defendants.

_____/

The Defendant, KAISI PRESINAL, hereby respectfully objects, pursuant to *Federal Rule of Criminal Procedure* 32(b)(6)(B), to the *Pre-Sentence Investigation Report* ("PSI") filed in this Cause by the United States Probation Office, as follows:

1.　**Page 2 - Arrest Date**

Defendant Presinal objects to the arrest date displayed at Page 2, said incorrect date being "10/25/2021" which, apparently, is the date he arrived physically in the United States. Actually, Mr Presinal has been "in custody" *since* **October 12, 2021**, which fact is also confirmed at Page 10, Paragraph 43 and Page 11, Paragraph 48 of the same *PSI*. Thus, that should be the operative date.

2.　**Page 5, Paragraph 9**

The Defendant objects to the commentary at Page 5, Paragraph 9 (bottom) of the PSI regarding a firearm. In reality and as was explained to the Coast Guard boarding officer, the case agent and the PSI author, Mr. Presinal was thrust a firearm wrapped in plastic and clothing and was not viewable. He was ordered "this is for you turn it in with the 'other items' you are to deliver". This took place at the beach at the last moment prior to embarkation. In essence, Mr. Presinal was "required" to turn

Page 2
United States District Court, Southern District of Florida
*United States of America v. Kaisi Presinal, et al.,*
Case Number: 21-20546-Cr-HUCK
*Objections to Pre-Sentence Investigation Report*

over what turned out to be a firearm that was wrapped and placed in his backpack by the dispatchers of the narcotics destined to the Dominican Republic. He never otherwise touched, displayed, produced or used the firearm. Further, Mr. Presinal sports no knowledge of *how* to use a firearm. In practicality, he truly did not possess.

It is noteworthy that the firearm was not thrown overboard as Mr. Preisnal, a forty-eight 48 year old man with literally no academic education and who is functionally illiterate, was terrified to not follow the orders he was given. In fact, Mr. Presinal, upon being approached and queried by the United States Coast Guard on October 12, 2021, swiftly and candidly responded in the affirmative that there was a weapon (that was placed in his backpack). Were there a nefarious purpose to the weapon insofar as Mr. Presinal was concerned, he would have immediately tossed it overboard. However, given the combination of his fear and naivety, such did not take place. The reality of this issue is that, while there was a handgun placed into Mr. Presinal backpack per the orders of the shippers of the narcotics, he never utilized nor otherwise possessed it in any active or meaningful manner. Put differently, to have Mr. Presinal imbued with possession of the weapon in question clearly and unfairly overstates the reality of the situation at hand.

3.      **Page 7, Paragraph 17**

In view of the foregoing, Mr. Presinal objects to a two (2) point increase under "**Specific Offense Characteristics**" which recommends such an increase "because a firearm was 'possessed'".

Page 3
United States District Court, Southern District of Florida
*United States of America v. Kaisi Presinal, et al.,*
Case Number: 21-20546-Cr-HUCK
*Objections to Pre-Sentence Investigation Report*

4.    **Page 7, Paragraph 21 - Adjusted Offense Level (Subtotal)**

Mr. Presinal, in view of the preceding, objects to the current recommended level of "38" and states that the appropriate subtotal should be "**36**".

5.    **Page 7, Paragraph 25 - Total Offense Level**

Again, in view of the foregoing objection, Mr. Presinal objects to the current recommended level of "35" and states that the true total offense level should be "**33**".

6.    **Page 11, Paragraph 51 - Guideline Provisions**

In view of the prior objections and commentaries as to the Total Offense Level which he posits is "33", the Guideline Imprisonment Range should be "135 months to 168 months".

7.    **Page 12, Paragraph 58 - Fines Guideline Provisions**

The fine range in this matter should be $35,000.00 to $350,000.00 pursuant to USSG §5E1.2(C)(3), taking into account the preceding objections.

8.    Clearly, if Mr. Presinal is made eligible for the *Safety Valve* by the removal of the imposition of a two (2) point firearm related increment, he will be eligible for a below the minimum mandatory sentence, a variance, as well as the benefits offered pursuant to the *First Step Act of 2018*. The disallowance of the ineligibility for *Safety Valve* due to the alleged possession of a firearm (which truly overstates the reality of the matter), would fairly modify the current issue at hand, given the true facts of this case and Mr. Presinal otherwise being *in pari delicto* with his co-defendant, Mr. Arias,

Page 4
United States District Court, Southern District of Florida
*United States of America v. Kaisi Presinal, et al.,*
Case Number: 21-20546-Cr-HUCK
*Objections to Pre-Sentence Investigation Report*

giving this matter an equitable resolution.

   *I HEREBY CERTIFY* that on March 10, 2022 a true and correct copy of the

foregoing was electronically filed with the Clerk of the Court using CM/ECF.

                LAW OFFICES OF MARIO S. CANO
                Attorneys for the Defendant
                Florida Bar Number 279412
                2121 Ponce de Leon BL  #950
                Coral Gables, FL  33134-5230
                Telephone:   305/442-2121
                Facsimile:    305/441-2121
                MCano@CanoLawMiami.com


                By:_____s/Mario S. Cano_____
                    MARIO S. CANO