UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-20546-CR-HUCK

UNITED STATES OF AMERICA,

v.

KAISI PRESINAL,

Defendant.

_____/

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through its undersigned Assistant United States Attorney, hereby files this Sentencing Memorandum, and states:

### SENTENCING SUBMISSION

The United States submits that the defendant is subject to the 2-level enhancement for the possession of a firearm, prescribed by United States Sentencing Guideline ("USSG") § 2D1.1(b)(1).  Further, the defendant is not entitled to safety-valve relief under USSG § 5C1.2(a) and Title 18, United States Code, Section 3553(f).  Accordingly, the  defendant has an advisory guideline range of imprisonment of 168 to 210 months, and a mandatory minimum term of ten years' imprisonment.  The United States requests that the Court impose a low-end guideline sentence of168 months' imprisonment as to the defendant.

### STATEMENT OF FACTS

Probation computes a total offense level of 35 for the defendant after a 3-level reduction for acceptance of responsibility. (DE 40 at ¶¶ 23-24). Probation's computation includes a 2-level "firearm" enhancement pursuant to USSG § 2D1.1(b)(1). (*Id*. at ¶ 17). Similarly, Probation found

that the defendant was not entitled to a 2-level "safety valve" reduction under USSG § 5C1.1(a)(2), because a firearm was possessed in connection with the offense. *Id.*

Probation's finding that the defendant possessed a firearm is supported by the record. The defendant advised the USCG boarding team of the presence of the firearm in his backpack as well as acknowledged his possession of the firearm in his post-arrest statement. This undisputed fact is also included in the defendant's Presentence Investigation Report. (Id. at ¶¶ 8, 9).

## MEMORANDUM OF LAW AND ARGUMENT

As explained below, the defendant is subject to a 2-level enhancement pursuant to USSG § 2D1.1(b)(1) because he possessed a firearm; and he is not entitled to safety-valve relief under USSG § 5C1.2(a) or Title 18, United States Code, Section 3553(f).

1. **The Defendant is subject to a 2-level enhancement pursuant to USSG § 2D1.1(b)(1), because he possessed a firearm.**

USSG § 2D1.1(b)(1) prescribes a 2-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). This two level enhancement is designed to reflect the "increased danger of violence when drug traffickers possess weapons." USSG § 2D1.1, comment. (n.11(A)). This enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.*

In *United States v. Pham*, the Eleventh Circuit summarized the application of the firearm enhancement in the context of drug-trafficking conspiracies:

> The § 2D1.1(b)(1) enhancement may be applied when the firearm is possessed by a co-conspirator. *United States v. Fields,* 408 F.3d 1356, 1359 (11th Cir.), *cert. denied* 546 U.S. 886, 126 S. Ct. 221, 163 L. Ed. 2d 193 (2005). The enhancement applies to a co-conspirator when the government establishes by a preponderance of the evidence that "(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." *Id.*

Furthermore:

Application Note 3 to U.S.S.G. § 2D1.1(b)(1) advises: "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Once the government shows that a firearm was present, "the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable."

*Id. United States v. Pham*, 463 F.3d 1239, 1246 (11th Cir. 2006).

USSG § 2D1.1(b)(1) "requires that the firearm possession 'be reasonably foreseen as a necessary and natural consequence of the unlawful agreement.'" *United States v. Martinez*, 924 F.2d 209, 210 n. 1 (11th Cir. 1991) (citing *Pinkerton v. United States*, 328 U.S. 640, 648, 66 S. Ct. 1180, 1184, 90 L. Ed. 1489 (1946)). Provided the co-conspirator's possession of the firearm was reasonably foreseeable, the enhancement is applicable – even if the defendant was not aware of the firearm. *Id.*; *Pham*, 463 F.3d at 1246 ("We have further upheld application of the § 2D1.1(b)(1) enhancement even where defendants claim they were unaware of the firearm possession.") (citing *Martinez*, 924 F.2d at 210). *See also United States v. Swiney*, 701 F. App'x 903, 906 (11th Cir. 2017) ("But the § 2D1.1(b)(1) enhancement can apply to a co-conspirator's foreseeable firearm possession even when the defendant did not actually know the co-conspirator possessed a firearm.") (citing *Martinez*, 924 F.2d at 210.)

A co-conspirator's possession of a firearm is reasonably foreseeable to a defendant, where the drug-trafficking conspiracy involves the transportation of a large quantity of narcotics. *See United States v. Freyre-Lazaro*, 3 F.3d 1496, 1506 (11th Cir. 1993) ("Finally, it was reasonably foreseeable that [co-conspirator], in furtherance of the conspiracy, would carry a weapon while transporting thirteen kilograms of cocaine."); *United States v. Pessefall*, 27 F.3d 511, 515 (11th Cir. 1994) ("It was reasonably foreseeable that [co-conspirator] would use a firearm to protect a 250 kilogram off-load.") (citing *Freyre-Lazaro*, 3 F.3d at 1506); *United States v. Castillo-Allen*, 567 F. App'x 738, 742 (11th Cir. 2014) (possession of firearm was reasonably foreseeable to defendant, where defendant and co-conspirator were on two go-fast boats that met with mother

ship to collect 550 kilograms of cocaine) (citing *Pessefall*; *Freyre-Lazaro*).

Applying USSG § 2D1.1(b)(1), Application Note 11(A), and the above-cited cases, the defendant should receive a 2-level enhancement for the possession of a firearm. The defendant was aboard an GFV, designed for the evasive, oceanic transport of multi-kilogram bales of cocaine, 69 nautical miles south of Isla Beta, Dominican Republic. The defendant was transporting 12 bales containing approximately 370 kilograms of cocaine. He had an Glock 17 nine-millimeter firearm readily available to him. In these circumstances, the four-pronged test for co-conspirator possession set forth in *Pham* is satisfied. Indeed, one would expect the crew of an GFV carrying 370 kilograms of cocaine across the high seas to be armed. Thus, the firearm was on board the GFV in furtherance of the defendant's drug-trafficking venture. Moreover, the defendant cannot show "that a connection between the firearm and the offense is clearly improbable."

As aforementioned, the weapon is not a clearly improbable connection to the crime when two men are carrying 370 kilograms of cocaine across international waters. "Proximity between guns and drugs, without more, is sufficient to meet the government's initial burden under § 2D1.1(b)(1)." *United States v. Carillo-Ayala*, 713 F.3d 82, 91 (11th Cir. 2013). Lastly, the Eleventh Circuit has long held that constructive possession is sufficient for a § 2D1.1(b)(1) enhancement. *See United States v. Castillo-Allen*, 567 Fed. Appx. 738 (11th Cir. 2014); *United States v. Cooper*, 203 F.3d 1279 (11th Cir. 2000). As such, the defendant is not entitled to safety valve.

> **2.      The Defendant is not entitled to Safety-Valve Relief.**

The defendant has the burden of showing he is entitled to relief under the safety valve under USSG § 5C1.2 and Title 18, United States Code, Section 3553(f). *See United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004). He fails to carry his burden.

First, the defendant had constructive possession of the firearm. A defendant may possess a

firearm through either actual or constructive possession. *United States v. Iglesias*, 915 F.2d 1524, 1528 (11th Cir. 1990). While actual possession is evidenced through direct physical control over an item, constructive possession of a firearm may be evidenced through multiple means. *See, e.g., United States v. Benitez-Garcia*, 382 Fed. Appx. 921, 923 (11th Cir. 2010) (defendant "was aware of the firearm and its location in the room where he tested cocaine prior to the police's arrival"); *United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004) ("ownership, dominion, or control over the firearm *or the vehicle concealing the firearm*") (emphasis added); *United States v. Wynn*, 544 F.2d 786, 788 (5th Cir. 1977) ("knowledge of the thing possessed coupled with the ability to maintain control over it or reduce it to his physical possession even though he does not have actual personal dominion"). Notably, the constructive possession doctrine exists separate and apart from imputed liability from a co-conspirator's possession of a firearm; however, the Eleventh Circuit has held that:

> "a defendant's knowing participation in a joint criminal venture in which a particular firearm is intended to play a central part permits the jury to reasonably conclude that the defendant constructively possessed that gun. . . . This is true even if the defendant never intended to use the firearm himself – the defendant shares his coparticipants' intent and jointly possesses the gun as part of the criminal enterprise."

*United States v. Perez*, 661 F.3d 568, 578-77 (11th Cir. 2011) (internal citations omitted).

**3.      There is no requirement that a firearm be operable.**

Application Note 11 to USSG § 2D1.1(b)(1) and Application Note 2 to USSG § 5C1.2 both provide that "firearm" is defined in the commentary to USSG § 1B1.1. In turn, Application Note 1(H) to USSG 1B1.1 provides:

> **(H)** "Firearm" means (i) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (ii) the frame or receiver of any such weapon; (iii) any firearm muffler or silencer; or (iv) any destructive device. A weapon, commonly known as a "BB" or pellet gun, that uses air or carbon dioxide pressure to expel a projectile is a dangerous weapon but not a firearm.

USSG 1B1.1, n. 1(H).  This definition is identical to that found in Title 18, United States Code, Section 921(a)(3).

The Eleventh Circuit and other courts of appeal have held that there is no requirement that a weapon be operable for it to qualify as a "firearm" under Title 18, United States Code, Section 921(a)(3).  *See United States Adams*, 137 F.3d 1298, 1300 (11th Cir. 1998) ("Nothing in § 922(g)(1) or § 921(a)(3) requires the government to show that the unlawfully possessed firearm is operable.") (citing, *inter alia*, *United States v. Perez*, 897 F.2d 751, 754 (5th Cir. 1990) ("An inoperable firearm is nonetheless a firearm.")). This makes sense, because the frame or receiver of a gun, or a silencer, which are "firearms," are not operable as guns.  Thus, for purposes of USSG §§ 2D1.1(b)(1) and 5C1.2(2), there is no requirement that a firearm be operable. Likewise, there is no requirement that firearm be operable, for a defendant to be ineligible for safety-valve relief pursuant to Title 18, United States Code, Section 3553(f)(2).

WHEREFORE, the United States respectfully requests that the Court apply the 2-level enhancement for possession of a firearm pursuant to USSG § 2D1.1(b)(1), deny safety valve relief to the defendant, and sentence the defendant to a term of 168 months' imprisonment.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

/s/ Yvonne Rodriguez-Schack
YVONNE RODRIGUEZ-SCHACK
Assistant United States Attorney
Florida Bar No. 794686
99 Northeast 4th Street
Miami, Florida 33132-2111
305.961.9014
305.536.7213 Facsimile
Yvonne.Rodriguez-Schack@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing United States'

Sentencing Memorandum was filed with the Clerk of the Court, via CM/ECF, this 29th day of

March, 2022.

/s/ Yvonne Rodriguez-Schack
YVONNE RODRIGUEZ-SCHACK
Assistant United States Attorney