UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-20546-CR-Huck

UNITED STATES OF AMERICA,
            Plaintiff,

v.

DIOGENES ARIAS,
            Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Diogenes Arias, through counsel, respectfully requests that the Court: (1) concur with the United States' concession that Mr. Arias qualifies for safety valve relief and (2) vary downward and impose a sentence of 74 months' imprisonment. A sentence of 74 months would reflect Mr. Arias's role in the offense, would be consistent with other sentences imposed in this district for similarly situated Title 46 defendants accused of trafficking between 150 and 450 kilograms of cocaine, and would accomplish the needs outlined in § 3553(a).

### I.    Mr. Arias Performed a Limited Function in the Conspiracy.

The Sentencing Guidelines provide for a downward adjustment where a defendant "was a minor participant in any criminal activity." §3B1.2(b). In cases where a defendant "performs a limited function," the Guidelines provide a number of factors for a court to consider when determining whether to apply a minor role reduction: "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing

the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity; and (v) the degree to which the defendant stood to benefit from the criminal activity." *Id.* at comment. (n.3(C)). Those factors were incorporated into the Guidelines after the Sentencing Commission found that the mitigating role reduction "is applied inconsistently and more sparingly than the Commission intended." USSG Supp. to App'x C, amend. 794 (Nov. 1, 2016). One type of offender singled out by the Commission as eligible for consideration for the downward adjustment is one "who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks." USSG §3B1.2 comment. (n.3(C)).

Here, Mr. Arias is an indigent fisherman who, prior to being approached by a third party, was living with and supporting his mother who suffers from Alzheimer's disease. PSI ¶ 34. There is no evidence that Mr. Arias had a proprietary interest in the offense. Rather, he was approached by "Raul" and offered payment for transporting the drugs from Colombia to the Dominican Republic. *Id.* at ¶ 10. The factors found in Application Note 3(C) weigh in favor of a minor role reduction.

First, Mr. Arias had no understanding of the scope and structure of the criminal activity. He was approached by a stranger and offered a job. A couple weeks later, he went to a beach and was taken from the Dominican Republic to Colombia. Second, Mr. Arias played no role in planning or organizing the criminal activity. He did not supply the boat, the drugs, or the navigation equipment. He was told by the Colombians when to leave Colombia and which boat he would be using. Third, Mr. Arias had no decision-

making authority. He was told when and where to take the boat. In fact, when they arrived on the beach in Colombia before their departure, the boat they were told to use had already been loaded with the bales of cocaine. *Id.* Mr. Arias was even unaware that Mr. Presinal's backpack contained a firearm until after the defendants had been arrested. Fourth, Mr. Arias's only role was crewing the boat on the journey from Colombia back to the Dominican Republic. He had no other role in the drug conspiracy. Fifth, despite being promised up to $60,000 USD for transporting the drugs, Mr. Arias's first and only payment was $30,000 Dominican Pesos or approximately $545 USD. That marginal payment must be compared with the millions of dollars that already went to and would have gone to unindicted co-conspirators who participated more significantly in the provision, transport, and sale of the cocaine.

For these reasons, Mr. Arias respectfully requests a minor role reduction. Should the Court grant that request, Mr. Arias's guidelines calculation would be as follows: base offense level of 36, reduced by 3 under §§2D1.1(a)(5) and 3B1.2 for mitigating role to 33, enhanced by 2 under §2D1.1(b)(1)[1] to 35, reduced by 2 to 33 under the safety valve provision, and reduced by 3 to 30 for acceptance of responsibility. With a criminal history category of I, Mr. Arias's guideline range would be 97-120 months.

II. <u>**74 months is Sufficient to Meet the Rationale Behind the Sentencing Guidelines and Accomplish the Sentencing Needs Articulated in Section 3553(a)(2).**</u>

Mr. Arias and the Government agree that he is eligible for safety valve relief. D.E. 50 at 7. A sentence below the 120-month mandatory minimum and below the

---

[1] Mr. Arias has objected to this enhancement. D.E.43 (PSI Objections).

advisory guideline range is appropriate in this case for two reasons: (1) uniformity and proportionality are best served by a sentence of 74 months and (2) the 3553(a) factors support a sentence of 74 months.

**A.   A sentence within the advisory guideline range would be an outlier in this district and create an unwarranted sentencing disparity.**

The Sentencing Guidelines were created to accomplish three purposes in sentencing: honesty, uniformity, and proportionality. *See* USSG Ch.1, Pt.1.3 (The Basic Approach). Since passage of the First Step Act and the expansion of safety valve relief to Title 46 cases in December 2018, courts in this district have routinely sentenced safety valve-eligible defendants, like Mr. Arias, to sentences below the 10-year mandatory minimum.

From January 2019 to the present, there have been twelve defendants represented by the Office of the Federal Public Defender who were (1) safety valve eligible and (2) who pleaded guilty to trafficking between 150 and 450 kilograms of cocaine.[2] The average (mean) weight and sentence for that group of defendants was

---

[2] *United States v. Alfonso*, No. 21-20306-CR-CMA (Feb. 11, 2022) (289 kg and 75 months); *United States v. Esquevel*, No. 21-20147-CR-DMM (Nov. 16, 2021) (572 kg but stipulated to "at least 150 kilograms but less than 450 kilograms" in proffer and 63 months); *United States v. Garcia-Vega*, No. 21-20360-CR-CMA (Nov. 2, 2021) (432 kg and 72 months); *United States v. Ahgulo*, No. 21-20040-CR-DPG (Sept. 21, 2021) (406 kg and 72 months); *United States v. Tejeda*, No. 21-20047-CR-UU (July 1, 2021) (325 kg and 70 months); *United States v. Sandi Alvarez*, No. 20-20167-CR-KMW (Nov. 23, 2020) (297 kg and 70 months); *United States v. Santana Romero*, No. 19-20716-CR-CMA (Apr. 21, 2020) (340 kg and 70 months); *United States v. Bailon Moreira*, No. 19-20404-CR-KMW (Jan. 22, 2020) (400 kg and 52 months); *United States v. Salazar Villareal*, No. 17-20604-CR-CMA (Jan. 17, 2020) (450 kg and 84 months); *United States v. Posso Duran*, No. 19-20103-CR-KMW (June 19, 2019) (251 kg and 53 months); *United States v. Rivas-Mendoza*, No. 18-20981-CR-FAM (stipulated to "at least 150 kilograms but less than 450 kilograms" and 108 months); *United States v. Zilch*, No. 18-20958-CR-FAM (327 kg and 108 months).

365 kilograms and 74 months.

A sentence of 120 months would be a 62% increase over the average sentence in this district. Such a sentence would promote neither uniformity nor proportionality. A sentence of 120 months or greater would represent an outlier in this district and would increase the disparity in sentences for Title 46 defendants.

Conversely, a sentence of 74 months presents no uniformity or proportionality issues. Mr. Arias's criminal activity and the facts of his case are typical of most Title 46 cases where a defendant is safety valve eligible. As the Court knows, it is the weight of the cocaine that drives the offense levels in these cases. By expanding safety valve relief to Title 46 defendants, however, Congress and the Sentencing Commission have allowed courts the power to determine which types of drug trafficking cases are truly deserving of sentences at or above the mandatory minimum and which cases allow for lower sentences while still accomplishing the goals and requirements of § 3553(a). Mr. Arias's case falls into the latter group. Sentencing Mr. Arias to 74 months is consistent with the principles of uniformity and proportionality.

**B. 74 months is sufficient but not greater than necessary to accomplish the needs set forth in § 3553(a).**

Even setting aside whether Mr. Arias should receive a minor role adjustment under the Guidelines, consideration of the § 3553(a) factors make a 74-month sentence sufficient but not greater than necessary.

The PSI adequately explains Mr. Arias's impoverished background and the circumstances of his offense. Turning to § 3553(a)(2), there is no question that Mr. Arias's offense was serious. But a sentence of just over six years in prison—away from

his ailing mother and family in the Dominican Republic—is just and sufficient to promote respect for the law.

Mr. Arias has a sixth-grade education. 74-months in prison is sufficient but not more than necessary to provide him with the needed educational and vocational training that will help lower his risk of recidivism. English language classes and job skills training can all be accomplished within the requested sentence.

With respect to the risk of recidivism, at the end of a 74-month sentence, Mr. Arias will be over 50 years old and his already ill mother will be older and sicker. Studies show that there is a significant decline in recidivism rates as defendants age, with rearrest rates falling by roughly 10% for every 10 years of aging. *See* USSC, *Recidivism of Federal Drug Trafficking Offenders*, Jan. 2022 (Figure D-12, Age at Release and Rearrest Rates for Federal Powder Cocaine Trafficking Offenders Released in 2010). In terms of deterrence and protection of the public in the future, the prospect of losing the benefit of the safety valve, facing a minimum 10-year sentence, and perhaps never seeing his mother again, are all factors that will deter Mr. Arias from reoffending and thus protect the public from further crime.

## CONCLUSION

A sentence of 74 months' imprisonment reflects Mr. Arias's minor role in an otherwise serious offense; it would be in line with other Title 46 sentences involving similar amounts of cocaine; and it is sufficient to comply with the purposes articulated in 18 U.S.C. § 3553.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

*s/ Andrew S. Jacobs*
Andrew S. Jacobs
Assistant Federal Public Defender
Florida Special Bar No. A5502687
150 W. Flagler St., Ste. 1700
Miami, FL 33130
305-533-4201
Andrew_Jacobs@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   */s/ Andrew S. Jacobs*
        Andrew S. Jacobs