UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-20546-Cr-HUCK

UNITED STATES OF AMERICA,

Plaintiff,

**SENTENCING MEMORANDUM**

v.

KAISI PRESINAL, *et al.*

Defendant.

_____/

The Defendant, KAISI PRESINAL, hereby respectfully submits his *Sentencing Memorandum*, in combination with his previously filed *Objections to PreSentence Investigation Report* (Doc. 42), as well as in response to the Government's *Response to Defendant Presinal's Objections to the PreSentence Investigation Report* (Doc. 48) for the Court's consideration at his forthcoming *Sentencing Hearing*, currently scheduled for Tuesday, April 11, 2022 before the Honorable Paul C. Huck, Senior United States District Judge at Miami and states:

1.      This *Sentencing Memorandum* will focus exclusively on the issue of the firearm located in the Defendant's backpack which the Government suggests he possessed voluntarily and purposely, for the purpose of enhancing his Guideline Level. The Defendant certainly disputes the applicability of a firearm related enhancement.

2.      As the PSI clearly denotes, Mr. Presinal is a humble, illiterate fisherman without a criminal history, who was engaged in the act of transporting a large amount of cocaine. It is also clear from the evidence, that Mr. Presinal honestly advised the U.S. Coast Guard boarding team that there was a weapon in his backpack. What the Government conveniently or, one would hope, innocently, overlooks is the fact that this

Page 2
United States District Court, Southern District of Florida
*United States of America v. Kaisi Presinal, et al.*
Case Number: 21-20546-Cr-HUCK
*Sentencing Memorandum*

weapon was not meant, nor was being used on this voyage by Mr. Presinal or, for that matter, by his Co-Defendant. Rather, it was tightly and securely wrapped and there was no indicia whatsoever of it even having been *touched* by either Defendant.

3.      The reality is that this weapon was thrust onto Mr. Presinal's backpack by those who were loading the cocaine onto the vessel with, in essence, orders to Mr. Presinal to turn it over in the Dominican Republic. It was not used in any manner during the voyage nor, for that matter, could it be, given Mr. Presinal's lack of familiarity with firearms. To call this "constructive" possession or "ownership, dominion, or control" by Mr. Presinal over that weapon would be to stretch - by far - the credulity of the argument and the reality of this matter.

4.      Put differently, to say that Mr. Presinal possessed the firearm in connection with the offense as stated at USSG §5C1.2(a)(2) equally belies the existence of the firearm which was never used nor intended to be used by this Defendant who would not be capable of doing so, in any event. Thus, it is Kaisi Presinal's position that he did not in any meaningful way, *constructively* nor physically possess, display, let alone use in any fashion, a firearm during the events related to this case.

5.      Accordingly, Mr. Presinal should, in fairness, be deemed to not have "possessed" a firearm and thus be eligible for and award of the *Safety Valve* for him.

**I HEREBY CERTIFY** that on April 11, 2022 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.

Page 3
United States District Court, Southern District of Florida
*United States of America v. Kaisi Presinal, et al.*
Case Number: 21-20546-Cr-HUCK
*Sentencing Memorandum*

LAW OFFICES OF MARIO S. CANO
Attorneys for the Defendant
Florida Bar Number 279412
2121 Ponce de Leon BL  #950
Coral Gables, FL  33134-5230
Telephone:   305/442-2121
Facsimile:     305/567-0423
MCano@CanoLawMiami.com


By:	s/Mario S. Cano
	MARIO S. CANO